[Pittsburg, September, 1828.]

### BLAIR *against* HUM.

#### IN ERROR.

Though deeds between other parties are not evidence; yet, they become so when referred to in an agreement between the parties.

Writ of error to the Court of Common Pleas of *Armstrong* county.

The opinion of the court was delivered by

Huston, J.—The plaintiff showed a judgment, execution, levy, and sale of the land in question, to himself. *G. Armstrong* was plaintiff in that judgment, and *William Hum* the defendant.

After the plaintiff had shown his title, *Hum* gave some testimony to show, that the plaintiff had agreed to purchase the land, to give it to *Hum* on his paying to *Blair* the sum for which it was

(Blair *v.* Hum.)

struck down; and that *Blair* had since said, he would keep it, because the money was not paid at the time agreed on. *Blair* called witnesses, present at the same time and place, who gave a totally different account, and he admitted, that he did make a contract with the defendant, and had always agreed to convey on the terms being complied with, and called a witness, who spoke to him to make it, and who was present when it was made, and his testimony was: That on Tuesday morning of the *September* court, in 1824, (the day the land was sold,) the defendant, *Hum*, and his father-in-law, came to the witness, and told him they had come to purchase his land at the sheriff's sale: That he had money enough to pay off the judgment on which the land was selling, but not enough to pay all the claims against the land. *Hum* said he had exchanged land with General *Campbell*, and had been in law ever since: That General *Campbell* had made a deed to *George Armstrong*, which he should have made to him. They then wished the witness to speak to Mr. *Blair*, to give them time to make up all the money which was against the land. The witness went with them to *Blair*, and repeated what they had said; and told Mr. *Blair*, *Hum's* statement, as to his treatment by *Campbell*, was true, and hoped he would do all he could for him. *Blair* replied, he would do every thing he could for him consistently with his duty to *Armstrong* and himself: That he was not only attorney for *Armstrong*, but had an interest in seeing to the application of the money, &c. *Hum* and *Blair* then agreed, that *Blair* should buy it, and then sell it to *Hum:* That *Hum* was to pay *Blair* whatever sum it would take to pay off all the claims against the land, and was to give him a reasonable time to pay the money: That two sums, viz. the amount of the judgment, and the consideration money in the deed from *Campbell* to *Armstrong*, were particularly mentioned. *Hum* then said, that claim through *Campbell* was unjust, but now he knew no other way than to buy it from *Blair*, and bring suit against *Campbell*. The land was sold. *Hum's* father-in-law did not bid, and the land was sold to *Blair* for less than the amount of *Armstrong's* judgment and costs.

*Blair* then offered in evidence a letter, or letters of instructions from *Armstrong* to him, and the deed from *Campbell* to *Armstrong*, to show the amount to be paid: it was about one hundred and fifty dollars, and this was the real dispute between the parties.

These were objected to, and rejected by the court, and exceptions signed. The grounds on which this decision was attempted to be supported were, 1. That a deed, not between the parties, was not evidence. This is often true, but not always. Here it was offered, not as a conveyance of title, but as a paper referred to in the contract, and to show the sum which *Blair* alleged was due before the defendant got the land; and next, the counsel went into the old contract with *Campbell*, and complaints against him and *Armstrong*. Now, with this *Blair* had nothing to do. None of the misconduct

(Blair *v.* Hum.)

was charged to him; he entered into a contract at the instance of the defendant; had made himself responsible to his principal; and, the letters were offered to show that responsibility, and the deed, the amount of his claim. To reject this evidence was, in effect, to destroy the whole of the testimony of the witness to the contract; for without the deed, to ascertain the sum, his testimony was inoperative. If his testimony was believed by the jury, the deed was most material. There was error in rejecting this evidence, and the judgment is reversed, and a *venire facias de novo* awarded.

Judgment reversed, and a *venire facias de novo* awarded.