United States Court of Appeals,

Fifth Circuit.

No. 91–3941.

INSTITUTE OF LONDON UNDERWRITERS, Plaintiff–Appellee,

v.

FIRST HORIZON INSURANCE COMPANY, Defendant–Appellant.

FIRST HORIZON INSURANCE COMPANY, Plaintiff–Appellant,

v.

INSTITUTE OF LONDON UNDERWRITERS, Defendant–Appellee.

Sept. 16, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY and DUHÉ, Circuit Judges, and PARKER, District Judge.[1]

DUHÉ, Circuit Judge:

In these two cases, a primary insurance carrier seeks from an excess carrier contribution for costs of defending its insured; the excess carrier seeks a declaratory judgment that it owes no defense costs to the primary carrier. On cross motions for summary judgment, the district court held that the excess carrier's policy unambiguously relieves the excess carrier from the duty to defend and, therefore, the cost of defense. It also found no authority for the primary carrier's claim for equitable subrogation. We affirm for the same reasons.

A. *The Policies' Provisions on Defense.*

The primary carrier, Appellant First Horizon Insurance Company, provided its insured with a defense in accordance with its admitted contractual duty. First Horizon's duty to defend was in addition to its limit of liability; once the policy limit was exhausted by payment of settlements,[2]

---

[1] Chief District Judge of the Eastern District of Texas, sitting by designation.

[2] First Horizon emphasizes its tender of the policy limits and defense to the excess carrier in early 1990. Under the First Horizon policy, however, it is payment of the policy limit in a settlement or judgment, not tender to the excess carrier, that concludes its obligation to defend.

however, the duty to defend then ended.

In this case the cost of defense was high (almost as much as the primary limits). The satisfactory performance of defense counsel and the reasonableness of the defense costs are not contested. Because all the defense costs at issue were incurred before First Horizon exhausted its policy limits by settling the claims against the insured, however, they were owed by First Horizon under its policy.

The second layer of insurance was an umbrella policy provided by Appellee, the Institute of London Underwriters ("ILU"). ILU's insuring agreement provided as follows:

> The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or any suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers or both in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

This Court has interpreted the foregoing provision as unambiguously excluding a defense obligation under Louisiana law.[3] *Hartford Accident & Indem. Co. v. United Gen. Ins. Co.,* 855 F.2d 228, 231 (5th Cir.1988).[4] Because ILU had no duty to defend, ILU had no duty to pay costs of

---

[3]We agree with the district court that Louisiana law governs the case, because Louisiana has the greatest interest in the resolution of the issues. *See generally Albany Ins. Co. v. Anh Thi Kieu,* 927 F.2d 882, 886–91 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 279, 116 L.Ed.2d 230 (1991).

[4]At argument, First Horizon maintained that *Hartford* was not dispositive of the construction of this provision, because the *Hartford* court did not construe the second clause, providing for "involvement" of ILU. It is undisputed that although the eventual settlement of the claims was within the primary limits, the initial demands far exceeded the primary limit of liability. First Horizon says that the large size of the claim made it "reasonably likely to involve [ILU]."

> We disagree with First Horizon's interpretation of the clause, for it imposes no "affirmative duty" on ILU to co-operate in the defense if the claim is reasonably likely to involve ILU. Rather, the provision leaves ILU with the option—the "right and opportunity"—to associate in the defense of claims involving or likely to involve ILU. *If* ILU seizes this right and opportunity, *then* ILU "shall co-operate" with the assured. The decision whether to associate in the defense of the assured still rests with ILU.

defense.

B. *Equitable Subrogation or Common Interest.*

First Horizon alternatively bases it claim not on the policy language but on "equitable subrogation" or "common interest," theories which First Horizon argues favor apportionment of defense costs. We agree with the trial court that First Horizon has provided no law that supports these arguments for contribution from ILU.

The common-law theory of equitable subrogation does not exist in Louisiana. *Great Southwest Fire Ins. Co. v. CNA Ins. Cos.,* 547 So.2d 1339, 1343 (La.Ct.App.1989), *aff'd,* 557 So.2d 966 (La.1990); *see also American Bank & Trust Co. v. Trinity Universal Ins. Co.,* 194 So.2d 164, 168 (La.Ct.App.1966) (construing former La.Civ.Code arts. 2159–61 on conventional subrogation and subrogation "of right"), *aff'd,* 251 La. 445, 205 So.2d 35 (1967). Louisiana law recognizes only conventional subrogation (by contract) and legal subrogation.[5] *See* La.Civ.Code Ann. art. 1825 (West 1987); *Great Southwest Fire,* 547 So.2d at 1343.

Furthermore, conventional or legal subrogation could give the subrogee, First Horizon, no greater rights than the subrogor, the insured, could have exercised. "Subrogation is the substitution

---

[5]According to the Civil Code, legal subrogation takes place

> (1) In favor of an obligee who pays another obligee whose right is preferred ... because of a ... security interest;
>
> (2) In favor of a purchaser of ... who uses the purchase money to pay creditors holding any ... security interest on the property;
>
> (3) In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment;
>
> (4) In favor of an heir ... who pays the debts of the estates ...; and
>
> (5) In the other cases provided by law.

La.Civ.Code Ann. art. 1829.

of one person to the rights of another." La.Civ.Code Ann. art. 1825. The First Horizon policy itself recognizes this limit on rights acquired by subrogation: "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery." 2 R. 104. In this case the insured has *no* rights against ILU for costs of defense under the unambiguous provision of their insuring agreement discussed above. If no duty is owed to the insured, no duty is owed its subrogee.

Although First Horizon cites a myriad of cases, they are distinguishable and, we hold, inapplicable. Without expressing any opinion on the outcome under different facts, we note that the settlement in this case was within the primary limits, the excess policy does not include a duty to defend, and there were no unresolved claims necessitating continuing defense costs after the primary carrier settled. We are not ranking obligations of competing primary carriers with conflicting "other insurance" clauses. We do not find First Horizon's authorities instructive.

Finally, we refuse to apply the "common interest" doctrine of *Moody v. Arabie,* 498 So.2d 1081 (La.1986), which charged a workers' compensation employer or carrier, as "co-owner of a claim," with a proportion of attorney's fees necessary to recover from a third person. We do not find ILU's situation analogous to a worker's compensation carrier which enjoys a portion of a judgment.

ILU's request for attorneys' fees in defense of this appeal is DENIED.

CONCLUSION

Finding no support for First Horizon's claims that ILU should share the costs of defense, we AFFIRM both the declaratory judgment that ILU had no responsibility to contribute to the costs of defense, and the dismissal of First Horizon's claims for attorneys' fees or defense costs.

Judgments are AFFIRMED; ILU's motion is DENIED.