UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 01-20142
_____

TOM FIESEL,

Plaintiff-Appellant,

VERSUS

DESSIE F. CHERRY, individually and in her official
capacity as Senior Warden I, Texas Department of Criminal
Justice; LEPHER JENKINS, individually and in his official
capacity as Regional/Section Director, Texas Department of
Criminal Justice; JAMES E. BUSH, in his official capacity
as Director, Human Resources and Staff Development, Texas
Department of Criminal Justice; CYNTHIA N. MILNE, in her
official capacity as Legal Affairs, Texas Department of
Criminal Justice; JANIE COCKRELL, in her official capacity
as Deputy Director, Texas Department of Criminal Justice;
GARY L. JOHNSON, Director; JAMES WILLET, individually and
in his official capacity as Senior Warden, Texas
Department of Criminal Justice,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____

June 12, 2002

Before DUHÉ, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

    Appellant, Tom Fiesel, brought suit against Dessie Cherry,

Lepher Jenkins and James Willet, each employees and officials of

the Texas Department of Criminal Justice ("TDCJ"), alleging that they used their positions to abridge his First Amendment right to freedom of speech, thereby rendering them culpable for violations of his civil rights, as recognized by 42 U.S.C. § 1983. The defendants moved for summary dismissal of the suit pursuant to Fed. R. Civ. P. 56(c), contending that Fiesel's allegations failed to raise a genuine issue of material fact as to whether their conduct violated his civil rights and that they were entitled to qualified immunity. A magistrate judge recommended that the motion be denied. The district court declined to accept the magistrate judge's recommendation and granted the defendants' summary judgment motion. The district court held that, as a matter of law, Fiesel's speech did not involve a matter of public concern and that the defendants' were also entitled to qualified immunity. Fiesel now appeals. We affirm.

## BACKGROUND

Tom Fiesel, a former corrections officer at the Goree Unit of the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), brought a civil rights suit for retaliation in violation of his First Amendment rights against Dessie Cherry, the Senior Warden at the Goree Unit; Lepher Jenkins, a TDCJ Regional/Section Director; James Willet, another Senior Warden; James Bush, Director of Human Resources; Cynthia Milne, a TDCJ Legal Affairs official; Janie Cockrell, TDCJ Deputy Director; and Gary Johnson, TDCJ

2

Director.  Bush, Milne, Cockrell, and Johnson were dismissed and are not involved in the present appeal.

According to Fiesel, on the morning of January 7, 1998, Michael Bloodworth, another TDCJ corrections officer, asked Fiesel to accompany him to a meeting in Warden Cherry's office.  Several days earlier, Bloodworth had been the reporting officer in an incident where an inmate was found in possession of marijuana.  The inmate claimed that Bloodworth had planted the marijuana on him, and the meeting with Cherry concerned the inmate's allegations and an investigation by the Internal Affairs Department ("IAD").  Prior to the meeting, Bloodworth had asked Cherry to allow Fiesel to be present for support as a non-participating observer.  Fiesel agreed to attend the meeting with Bloodworth.  After his shift ended at 6:00 a.m., Fiesel went home, changed out of his uniform, and returned to meet Bloodworth in Cherry's office.

Bloodworth and Fiesel met with Cherry and Major McGee.  According to Fiesel, both Cherry and McGee questioned whether Bloodworth was lying about his involvement with the marijuana, and Cherry reportedly told Bloodworth that he would be questioned by IAD officers.  During a break in the meeting, Bloodworth asked Fiesel what he thought Bloodworth should do, and Fiesel recommended that Bloodworth consult an attorney before being questioned further by IAD.

Bloodworth returned to Cherry's office while Fiesel remained outside in the hallway. Fiesel claimed that he heard Bloodworth state that he wanted an attorney before being interrogated and then someone said "no that he had to talk to them." Fiesel then stepped into the doorway and saw IAD officers Pittmon and Cole. Fiesel claims he stated that "TDCJ employees in [Bloodworth's] position are just like any U.S. citizen [and] has [sic] the right to an attorney before being questioned by police." Cherry, however, claims that Fiesel said to Bloodworth, "you're not under arrest, and, you don't have to talk to them." Pittmon, Cole, and Fiesel engaged in a somewhat heated colloquy, with all three raising their voices and asking to see each other's identification. According to Fiesel, Pittmon and Cole identified themselves as certified Texas peace officers and told him that he was criminally trespassing. Fiesel claimed that Pittmon then pushed him. Cherry and Bloodworth each testified that Cherry asked Fiesel to leave, repeating the request three times, but Fiesel claimed that he did not hear Cherry. Cherry called for security to come to her office, and Officer Pittmon escorted Fiesel to the front gate. The incident in Cherry's office lasted three to five minutes.

Cherry filed charges against Fiesel for violations of TDCJ Code 13, failure to obey a proper order, and Code 44, tampering with a witness, because Fiesel failed to obey her order to leave the office and told Bloodworth that he did not have to talk with

4

IAD. Willet conducted a disciplinary hearing on the charges and recommended that Fiesel be terminated. Jenkins, as the level two hearing officer, concurred with the decision to terminate. The instant lawsuit followed.

The defendants filed a motion for summary judgment. The magistrate judge recommended denying the motion, reasoning that the content, context, and form of Fiesel's speech showed that his comments in Cherry's office were made solely as a citizen with respect to the availability of civil rights protections that he believed should have been afforded to Bloodworth. The magistrate judge determined that Fiesel's speech concerned his perception of misconduct on the part of the IAD officers, and, as such, the speech was a matter of public concern that, as a matter of law, outweighed the state's interest in efficiency. The magistrate judge further reasoned that there was an issue of fact as to whether Fiesel's speech was disruptive or undermined agency discipline, and also rejected the defendant's claim of qualified immunity because there were fact issues as to whether they acted reasonably.

The district court declined to accept the magistrate judge's recommendation and granted the defendants' summary judgment motion. The district court held that, as a matter of law, Fiesel's speech did not involve a matter of public concern, reasoning that Fiesel's statement that Bloodworth did not have to talk to IAD was

"primarily a personal communication to a co-worker" and did not address TDCJ policy or law concerning an employee's right to counsel. Because Fiesel spoke as an employee on behalf of a co-worker rather than as a citizen on behalf of the public, the court held that Fiesel failed to show a constitutional violation.

The district court next determined that the defendants were entitled to qualified immunity because they acted objectively reasonably. The court reasoned that Cherry ordered Fiesel to leave the office only when he exceeded the bounds of her permission to be present. Fiesel admitted that people began to talk all at once in raised voices, and, although Fiesel claimed he did not hear Cherry's order, there was no evidence that Cherry knew he did not hear her. The court also held that Fiesel failed to present evidence showing that Willet or Jenkins were objectively unreasonable in connection with his claim that they did not conduct independent investigations of the disciplinary charges. The court reasoned that the record showed Fiesel and his counsel participated in the disciplinary hearing and presented evidence to Willet, and they argued their position in an appeal hearing before Jenkins. Fiesel filed a timely Rule 59(e) motion, which the district court denied. Fiesel then filed a timely notice of appeal.

DISCUSSION

Standard of review

This Court reviews a district court's grant of summary judgment *de novo*. **Topalian v. Ehrman**, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." **Amburgey v. Corhart Refractories Corp., Inc.**, 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. **Celotex Corp. v. Catrett**, 477 U.S. 317, 321-22 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusive allegations, unsubstantiated assertions, or only a scintilla of evidence. **Little v. Liquid Air Corp.**, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Did the district court err by granting the motion for summary judgment because Fiesel's speech was not a matter of public concern as a matter of law?

A public employee may not be discharged, disciplined, or punished for exercising the right to free speech. **Rankin v. McPherson**, 483 U.S. 378, 383 (1987). A plaintiff making a First Amendment retaliation claim must establish four elements: 1) that

7

he has suffered an adverse employment decision; 2) that his speech involved a matter of public concern; 3) that his interest in commenting on matters of public concern outweigh the defendant's interest in promoting efficiency; and 4) that the speech motivated the defendant's action. *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999).

Whether speech involves a matter of public concern is "determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). The employee must speak primarily in his role as a citizen rather than as an employee addressing matters only of personal concern. *Harris*, 168 F.3d at 221.

Fiesel argues that the district court erred in determining that his speech was not a matter of public concern. He contends that the district court improperly made a factual conclusion that his remarks were addressed only to Bloodworth rather than to the room as a whole. He also argues that the court improperly found Fiesel's speech concerned only personal matters when the defendants did not challenge the exact content of the speech or the identity of his audience. Fiesel argues that because he spoke about a perceived civil rights violation of another person and was off duty, in civilian clothes, he was speaking as a citizen. He argues that the content, context, and form of the speech shows that it was a matter of public concern.

8

We have reviewed the record and find that the district court did not err because Fiesel's speech was made solely on behalf of his co-worker, Bloodworth, and in the context of Bloodworth's encounter with IAD investigators. As Fiesel's First Amendment retaliation claim is dependent upon establishing that his speech was a matter of public concern, and because he has failed to establish his speech as such, we need not review whether it was error to find that the appellees were entitled to qualified immunity.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and for the reasons set forth above, we conclude that the district court did not err in granting the appellees' motion for summary judgment. We therefore AFFIRM the district court's decision.

**AFFIRMED.**

9