United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-30751

JUDY HUDSON, ET AL.,

Plaintiffs,

versus

FOREST OIL CORP.; ZURICH AMERICAN INSURANCE CO.,

Defendants-Appellees,

versus

ACE AMERICAN INDEMNITY INSURANCE CO.,
DOING BUSINESS AS MONTLAKE CASUALTY CO.,

Intervenor-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before GARWOOD, WIENER, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Intervenor-Appellant Ace American Indemnity Insurance Co.,
d/b/a Montlake Casualty Co. ("Ace"), seeks reversal of the district
court's judgment denying Ace's motion for summary judgment and
dismissing its petition to intervene in the underlying suit filed
by Plaintiff Terry Hudson against Defendant-Appellee Forest Oil

Corp. ("Forest") and its insurer Defendant-Appellee Zurich American Insurance Co. ("Zurich") with prejudice, and the district court's denial of Ace's motion for reconsideration. Ace argues that the district court erred in not applying the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") such that the waiver of subrogation provisions in favor of Forest would be invalid; in failing to find that Forest and Zurich were solely responsible for Mr. Hudson's future worker's compensation benefits; and in failing to grant Ace reimbursement under the doctrine of equitable or legal subrogation. This Court concludes the district court was correct in finding that LOAIA did not apply such that the waiver of subrogation by Ace was valid; we thus AFFIRM the decisions of the district court.

## BACKGROUND

Terry Hudson was formally employed by Coastal Production Services, Inc. ("Coastal") as an operator who was contracted out to work for Forest on its SATURDAY ISLAND oil production fixed platform in waters near or off the coast of Louisiana. On August 11, 2001, Mr. Hudson sustained injuries as a result of an accidental motor explosion on the platform. At the time of the accident, Coastal had a worker's compensation insurance policy through Ace. Ace paid Mr. Hudson worker's compensation benefits according to this policy until May 2002. This policy contained a waiver of subrogation rights by Ace, which was secured by Coastal for an additional premium.

2

On July 22, 2002, Terry and Judy Hudson filed a tort suit against Forest in district court based on diversity; they later amended it to add Forest's insurer Zurich as a defendant. On September 13, 2002, Ace petitioned to intervene in this lawsuit in order to recoup the payments it had made to or on Mr. Hudson's behalf. At the time of Mr. Hudson's injury, Forest and Coastal had a master service agreement that provided for defense and indemnification. The indemnity provision read, in part, as follows:

> [Coastal agrees to] indemnify, defend, and save harmless [Forest] . . . from and against any and all claims, demands, judgments, defense costs, or suits (including, but not limited to, claims, demands, judgments or suits for . . . bodily injury . . . or for loss of services, or wages or for loss of consortium or society) by . . . any [employee of Coastal] . . . in any way, directly or indirectly, arising out of or related to the performance of [the master contract] or the use by [Coastal] or its employees of, or their presence on, any premises owned, operated, chartered or controlled by [Forest] . . . expressly including any claims, demands, judgments or suits actually or allegedly caused by the . . . sole, concurrent or partial negligence . . ., fault or strict liability of [Forest] . . . .

This master service contract also provided that Coastal would carry worker's compensation insurance, which policy would "name [Forest] as additional insured and waive subrogation against [Forest] and its insurers." This waiver of subrogation provision was located within the insurance coverage provision.

Forest and Zurich filed a motion for summary judgment, which the district court granted, finding that Forest was Mr. Hudson's borrowing employer and, as such, the Hudsons' sole remedy was a

3

claim for worker's compensation benefits. ***Hudson v. Forest***, No. Civ.A. 02-2225, 2003 WL 2004445, at *6 (E.D. La. Apr. 28, 2003) (unpublished). This action left only Ace's intervention claim against Forest and Zurich. Ace filed a motion for summary judgment seeking a judgment directing Forest and Zurich to reimburse Ace for compensation benefits already paid to Mr. Hudson along with an order that Forest and Zurich be responsible for all future compensation benefits. The district court denied this motion, dismissed the intervention claim with prejudice, and entered final judgment to that effect on June 9, 2003. The district court denied Ace's motion for reconsideration on July 3, 2003, and Ace timely appealed.

## DISCUSSION

This Court reviews a district court's grant of summary judgment *de novo*. ***Fiesel v. Cherry***, 294 F.3d 664, 667 (5th Cir. 2002) (citation omitted). Under Federal Rule of Civil Procedure 56(c), "[s]ummary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." ***Id.*** (internal quotations and citation omitted); *see also* ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 251-52 (1986). Here, Forest and Zurich never filed a cross-motion for summary judgment, just two responses in opposition to Ace's motion. However, the district court's decision

4

to deny Ace's motion for summary judgment was in effect a grant of summary judgment in favor of Forest and Zurich in that the court dismissed Ace's intervention claim with prejudice, so we apply *de novo* review.

## Whether the district court erred in determining that the waiver of subrogation provisions located in the master service contract between Coastal and Forest and in the insurance policy between Ace and Coastal were valid.

When granting summary judgment in favor of Forest and Zurich and against the Hudsons in the underlying tort suit, the district court determined that as a borrowed employee, Mr. Hudson's only remedy was through worker's compensation benefits, *Hudson v. Forest Oil Corp.*, No. Civ.A. 02-2225, 2003 WL 21276385, at *1 (E.D. La. June 2, 2003) (unpublished). Thus, Forest and Zurich were immune from any tort suit related to Mr. Hudson's injury on SATURDAY ISLAND. *Id.* No party disputes this finding. What the parties dispute is whether LOAIA applies to the master service contract and the worker's compensation policy to invalidate the waiver of subrogation provisions, upon which Forest and Zurich defended Ace's intervention.

LOAIA, Section 9:2780 of the Louisiana Revised Statutes, was designed to alleviate the inequity "foisted upon certain contractors by agreements which purported to grant indemnification to the oil companies for their own negligence or strict liability." *Fontenot v. Chevron U.S.A. Inc.*, 676 So. 2d 557, 562 (La. 1996)

5

(citation omitted). LOAIA was also designed to protect oil contractor employees. *Id.* at 563. Subsection (B) of LOAIA states:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee . . . .

La. Rev. Stat. Ann. § 9:2780(B) (West 2004). Thus, both master service contracts between a contractor and an oil company and insurance policies between a contractor or an oil company and an insurance company, which contain indemnification provisions, are presumptively covered by LOAIA. In addition to the prohibition on indemnification clauses, Subsection (G) of the LOAIA provides:

> Any provision in any agreement . . . which requires *waivers of subrogation*, additional named insured endorsements, or any other form of insurance protection which would frustrate or circumvent the prohibitions of this Section, shall be null and void and of no force and effect.

*Id.* § 9:2780(G) (emphasis added).

Courts employ a two-part test to see whether LOAIA generally applies to an agreement's provisions: (1) whether the agreement pertains to an oil, gas, or water well; and (2) whether the agreement relates to the exploration, development, production, or transportation of oil, gas, or water. *Fontenot*, 676 So. 2d at 564. The parties agree that both agreements at issue satisfy this test.

6

Here, however, Forest and Zurich's defense to Ace's intervention involved only the waiver of subrogation by Coastal on behalf of Ace in the master service contract and by Ace itself in Coastal's worker's compensation policy; there has not been any reliance on any indemnification clause because Forest defended the Hudsons' suit on its own when Coastal refused to provide a defense. Forest also has not sought indemnification for any defense costs it incurred defending the Hudsons' suit.[1] Therefore, Forest and Zurich argue that Subsection (G) of LOAIA, as interpreted by the Louisiana Supreme Court in *Fontenot v. Chevron*, only applies to bar waivers of subrogation which are used in conjunction with an indemnification clause and thus frustrate or circumvent the prohibitions of LOAIA. Forest and Zurich maintain that waivers used on their own are not covered by LOAIA.

In *Fontenot*, an operator employee (Fontenot) of a contractor (Hercules) brought an action against the owner of an oil drilling platform (Chevron). 676 So. 2d at 560. Hercules had a workover contract with Chevron that designated Chevron as an alternate

---

[1]Although Ace requests that this Court look outside and supplement the record to determine whether Forest now seeks to invoke indemnification, we find no reason to do so. *See, e.g., Dickerson v. Alabama*, 667 F.2d 1364, 1367 (11th Cir. 1982) ("Whether an appellate record should be supplemented under the particular circumstances of a case is a matter left to the discretion of the federal courts of appeals."). Any possible use of the indemnification clause in any other proceeding among the parties does not bear on the instant nonuse of such clause by Forest and Zurich in Ace's attempted intervention in the Hudsons' tort suit.

7

employer, provided Hercules would take out worker's compensation insurance on its employees, and agreed to an unrestricted waiver of Hercules's and consequently its insurer Aetna's rights of subrogation for reimbursement of worker's compensation payments in favor of Chevron. *Id.* at 559. Aetna received a premium payment in exchange for waiving its subrogation rights in its policy with Hercules. *Id.* Aetna petitioned to intervene in Fontenot's suit to seek reimbursement of the worker's compensation benefits it had paid out to him. *Id.* The court determined that because an indemnification clause allows the oil company to shift liability and a waiver of subrogation means the oil company would not have to reimburse for any compensation payments, the two clauses *used in combination* would frustrate the purpose of LOAIA. *Id.* at 564-65.

However, the court determined that use of a waiver of subrogation clause *alone* would be permissible because it does not *shift liability* from the tortfeasor oil company back to the oilfield service contractor. *Id.* at 565. The **Fontenot** court further explained that it would not "make sense to void a waiver of subrogation clause where there is no indemnification clause sought to be enforced or where the oil company is not found to be negligent or strictly liable" because in these circumstances the waiver of subrogation does not frustrate or circumvent the prohibitions of LOAIA. *Id.* In fact, invalidation of such waivers "might very well do damage to basic concepts of contract law

8

(agreement for payment in exchange for the waiver, normally a valid contractual provision)." *Id.* at 567.

Moreover, the **Fontenot** court made several arguments that suggest a waiver of subrogation provision in a worker's compensation insurance policy primarily invoked on its own should not fall under LOAIA:

> While it may be true that the indemnity clause and the required waiver of subrogation in the workover contract are invalid vis a vis Hercules and Chevron, that is of no moment here for several reasons. First, we are not concerned today with the workover contract but rather we are only addressing the insurance contract between Aetna and Hercules. Second, Hercules was the party which undertook the obligations of indemnification and waiver of subrogation in the workover contract, but Hercules is not before us at this time asking for any relief. Third, the party which is asking for relief, Aetna, was not a party to the workover contract, and fourth, Aetna received compensation for waiving its subrogation rights. The Act's purposes are not served by giving the benefit of the waiver of subrogation to Aetna which was paid for its waiver. Our conclusion might be otherwise if we were considering Hercules' request for relief from any of the obligations it undertook in the workover contract because of the statutory invalidity of these obligations.

*Id.* at 566. The court ultimately found the waiver of subrogation by Aetna to be valid regarding any claims against Chevron. *Id.* at 567.

Forest and Zurich argue the very same logic applies here. First, the explicit waiver of subrogation by Ace in the worker's compensation policy it issued to Coastal is the primary waiver at issue. Second, Coastal is not here asking for relief based on the master service contract it undertook with Forest. Third, Ace was

9

not a party to the master service contract. Fourth, Ace received an additional premium as compensation for waiving its right of subrogation. Also, as in **Fontenot**, there is no historical inequity between oilfield contractors like Coastal and insurance companies like Ace, "unlike the historical inequity in bargaining power between oil companies and oilfield contractors which [LOAIA] sought to rectify." **Id.** at 567.

Ace argues that **Fontenot** is distinguishable and does not apply because in that case Chevron settled the case against it, whereas here Forest and Zurich were granted summary judgment against the Hudsons because of immunity. Also, **Fontenot** did not involve a borrowed employee issue. Finally, Ace contends that, contrary to what the district court found, Forest did assert a claim for indemnification as indicated in an August 2002 demand letter and a November 2002 letter where Forest indicated it wished to file a third-party demand against Coastal.

The district court sided with Forest and Zurich, citing **Fontenot**'s clear application. **Hudson**, 2003 WL 21276385, at *7. We agree that **Fontenot** properly applies. Although in **Fontenot** Chevron settled and here there is a borrowed employee issue which immunized Forest and Zurich from the Hudsons' suit, the most important aspect of **Fontenot** is that "voiding a waiver of subrogation clause only achieves the purpose of [LOAIA] when such a clause is sought to be enforced in conjunction with the enforcement of an indemnification

10

clause." 676 So. 2d at 565. *Fontenot* tackled the validity of waivers of subrogation used on their own: precisely the situation here because Forest and Zurich solely and formally invoked Ace's waiver of subrogation as a defense to Ace's intervention, not an indemnity provision.

**Whether the district court erred in not deciding the question of Terry Hudson's future worker's compensation benefits.**

Ace argues first that the district court's judgment releases Forest and Zurich from future benefits owed; that is, because Ace sought a judicial declaration and release as to future benefits, dismissal of its intervention will have a preclusive effect on the Administrative Law Judge worker's compensation proceedings. In the alternative, Ace argues that the district court erred in not deciding if Terry Hudson is still owed future compensation benefits and who should pay them. Forest and Zurich respond that any statement made by the district court regarding Mr. Hudson's future worker's compensation benefits is mere dicta because the final judgment only has preclusive effect with regard to the borrowed employee status of Mr. Hudson. Forest and Zurich also maintain the district court properly declined to rule on future benefits as that issue was not properly entertainable or justiciable.

Although the district court in denying Ace's motion for reconsideration did state that "Ace has failed to show that Plaintiff will be entitled to future workers' compensation benefits beyond the benefits that have been previously paid," the court at

11

no point actually addressed whether Forest and Zurich would be relieved from any future benefits owed. Therefore, the only preclusive finding "actually litigated and determined" in the district court was that Mr. Hudson was a borrowed employee and his exclusive remedy was worker's compensation. *See **Tex. Employers' Ins. Ass'n v. Jackson***, 862 F.2d 491, 500 (5th Cir. 1988). As to the argument that it was error for the district court not to rule on the issue of future benefits, based on the status of the case at the time, the district court had no need to address future benefits because it had already determined that Mr. Hudson was a borrowed employee whose sole remedy was worker's compensation, and that Ace's waiver of subrogation was valid and thus it could not intervene.

**Whether the district court erred in not granting Ace reimbursement for the benefits paid based on the doctrine of legal subrogation.**

Finally, Ace argues the district court should have granted it reimbursement for the worker's compensation benefits it paid to Mr. Hudson under a theory of equitable or legal subrogation, as the master service contract did not preclude this. What Ace actually attempts to invoke is not equitable subrogation, which is not recognized in Louisiana, but legal subrogation, recognized in Article 1825 of the Louisiana Code of Civil Procedure. Article 1825 defines subrogation as "the substitution of one person to the rights of another." La. Civ. Code Ann. art. 1825 (West 2004); *see also **Inst. of London Underwriters v. First Horizon Ins. Co.**,*

12

972 F.2d 125, 127 (5th Cir. 1992) (quoting Article 1825).

Ace clearly has no conventional "by contract" claim to subrogation, *First Horizon*, 972 F.2d at 127, because it did not contract with Coastal for the ability to assert Coastal's rights. In fact, Ace expressly waived the ability to subrogate in the policy it issued to Coastal in exchange for a separate premium. Though Article 1825 is silent on its application in the case of a "person" (Ace) having explicitly waived his right to subrogation by contract, that is clearly because legal subrogation is properly not available in such a case. Moreover, Ace "cannot have it both ways. It cannot be compensated to waive a right and then claim that the waiver is prohibited by law," *see Fontenot*, 676 So. 2d at 567 (referring to Aetna's attempted reliance on LOAIA), or is somehow reinstated by law.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and arguments, and for the reasons set forth above, we conclude that the district court correctly determined that LOAIA did not apply to bar the waiver of subrogation clauses such that Ace could not recover the worker's compensation benefits it paid to Mr. Hudson by intervening against Forest and Zurich. Therefore, we AFFIRM the district court's decisions to deny Ace's motion for summary judgment, to dismiss Ace's petition for intervention with prejudice, and to deny Ace's

13

motion for reconsideration.

**AFFIRMED.**