United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**for the Fifth Circuit**

No. 04-20334
Summary Calendar

JERRY MURPHY,

Plaintiff-Appellant,

VERSUS

METROPOLITAN TRANSIT AUTHORITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
03-CV-4804

Before DAVIS, SMITH and DENNIS, Circuit Judges,

PER CURIAM:[*]

Jerry Murphy ("Murphy"), appearing *pro se*, challenges the district court's grant of summary judgment dismissing his employment discrimination suit against his former employer, Metropolitan Transit Authority ("MTA"). We affirm the district

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

1

court judgment because Murphy has not rebutted MTA's non-discriminatory reason for termination.

I.

Murphy, a fifty-seven-year-old African American male, was hired by MTA to work on a program designed to promote and organize citizen-run shuttle van service for cooperating commuters, called Rideshare. Over the course of Murphy's employment his performance evaluations steadily declined, finally resulting in an overall unsatisfactory review. Because of his poor performance Murphy was placed in a ninety day performance improvement plan which required weekly reports to superiors of plans of action and progress. Murphy was ultimately fired when he allegedly misled superiors of the status of a particular commuter cooperative group, causing inconvenience and losses for MTA. Murphy alleges that he was fired, not for the stated reason, but because of his age and race.

Murphy also applied for and was denied a promotion during his tenure at MTA. Although a more qualified candidate was chosen instead of him, Murphy asserts that the failure to promote him was also due to discrimination.

Following his termination Murphy filed a complaint with the EEOC alleging age and race discrimination. The complaint was dismissed after an EEOC investigation, at which time Murphy filed suit in Texas state court again alleging race and age discrimination in MTA's failure to promote him and in terminating

2

him.  MTA removed the case to federal court and the district court granted the MTA's motion for summary judgment.  Murphy now appeals that judgment.

## II.

We review a grant of summary judgment *de novo* applying the same standards applying the same legal standards as the district court in determining whether summary judgment was appropriate. *Hudson v. Forest Oil Corp.*, 372 F.3d 742, 744 (5th Cir.2004). "Summary judgment is proper if . . . there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir.2002).  "In determining if there is a genuine issue of material fact, this court reviews the evidence in the light most favorable to the non-moving party." *Performance Autoplex II Ltd. v. Mid-Continent Casualty Co.*, 322 F.3d 847, 853 (5th Cir.2003).  Summary judgment must be upheld when the record provides a legal ground for the affirmance, regardless of whether the district court utilized or disregarded that ground. *S&W Enters., LLC, v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 537-38 (5th Cir.2003).

MTA argues that Murphy failed to present a prima facie case. For purposes of this appeal, however, we assume that Murphy did present a prima facie case.  Even assuming arguendo that Murphy has

3

established a *prima facie* case, MTA has presented substantial evidence of valid, non-discriminatory reasons for Murphy's termination which have not been sufficiently rebutted by Murphy. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("[I]f the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'"). Metropolitan submitted numerous e-mails and written memoranda documenting problems with Murphy's job performance over the course of his two-year employment. Every performance evaluation and nearly every correspondence in the record indicates Murphy's deficiency.[2] Management finally terminated Murphy after

---

[2]Numerous comments contained in Murphy's August 11, 2002 evaluation demonstrate his failings at work:

> Jerry has failed to follow management directives in performance of his duties, choosing to continue to pursue unproductive avenues rather than proven activities he was directed to use. Jerry has made minimal contributions to date to the department objective of having 300 METROVans by the end of the year. He has formed one van to date this year, falling short of the planned goal of twelve vans a year for fiscal 2002.

R. 374

> In June, Jerry was given a list of over thirty companies that should have been researched and contacted. Some have yet to be researched and contacted. Jerry has made the decision to continue working with El Paso Energy for vanpool opportunities in spite of the fact they have excellent bus service . . . along with plentiful parking . . . . Jerry made the decision this spring to send out a press release that was not approved as required and continued some

4

the dissolution of a van pool group that Murphy organized; Murphy failed to provide prompt notice of the dissolution to management purportedly causing costs and significant inconvenience. These reasons are sufficient to satisfy MTA's burden of demonstrating non-discriminatory reasons for Murphy's termination.

Given the legitimate reasons for Murphy's termination, which are strongly supported by the summary judgment evidence, the burden of proof shifts to Murphy to demonstrate that MTA's non-discriminatory reasoning was pretextual and that discrimination was the actual basis for the adverse employment action. *Roberson* v. *Alltel Information Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). To carry this burden Murphy has made conclusory statements that the reason for termination was a sham because others were not fired for similar behavior and because the vanpool dissolution situation was

> activities against directions while keeping the activity hidden from management. Jerry has elected to continue use of presentation and communication approaches that have not been successful in the past two years which he has been instructed to abandon.

R. 374-73.

> Jerry's strengths of persistence and need to know details continue to be areas that bog him down as well. He continues to spend too much time working on small individual groups, as opposed to working at the corporate level through H.R. departments. He has been given reminders to re-focus his efforts on corporate accounts.

R. 372.

a mere misunderstanding not deserving of termination. Murphy produced no corroborating evidence to support these allegations regarding the dissolution of the vanpool. Murphy has further made uncorroborated allegations that subtle agist and racist comments were made during the course of his employment. Allegations in and of themselves cannot undermine MTA's legitimate non-discriminatory reasons for termination or defeat defendant's motion for summary judgment. *Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 314 (5th Cir. 2003). Moreover, Murphy has produced no evidence that could undermine the poor performance evaluations that he received during his employment at MTA.[3] Murphy has not demonstrated that the reasons for his termination were pretextual and therefore has not satisfied his burden of proof. Summary judgment was appropriate.

For the reasons set forth above, the judgment of the district court is AFFIRMED.[4]

---

[3]Murphy has forfeited his failure to promote claim on appeal. Appellant's Brief at 17-18 ("Even though Mr. Murphy relinquishes his claim of age and racial biases in his application for the manager's position . . . .").

[4]On May 3, 2004, Murphy filed a Motion for Relief with the Court. Given the denial of Murphy's appeal on the merits that motion is denied as moot.