United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-30329
Summary Calendar

KERMIT BROOKS, ET AL,

                                        Plaintiffs,

MARVIN WEATHERSBY,

                                        Plaintiff-Appellant,

VERSUS

GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., ETC; ET AL,

                                        Defendants,

THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC.
D/B/A SAV-A-CENTER,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

(02-CV-2002-S)

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Appellant Marvin Weathersby ("Weathersby") challenges the

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's summary judgment dismissing his employment discrimination suit against The Great Atlantic & Pacific Tea Company, Inc. ("A&P"). We affirm the district court's judgment because Weathersby failed to rebut A&P's non-discriminatory reasons for both Weathersby's difference in salary and his demotion.

We review a grant of summary judgment *de novo* applying the same legal standards as the district court in determining whether summary judgment was appropriate. *Hudson v. Forest Oil Corp.*, 372 F.3d 742, 744 (5th Cir. 2004). "Summary judgment is proper if . . . there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002).

Weathersby worked for A&P in various locations with varied titles and salaries. He complained of employment discrimination in that he was paid less than Caucasian store managers and he was demoted based upon his race, African-American. Moving for summary judgment, A&P presented evidence of legitimate, non-discriminatory reasons supporting both Weathersby's salary changes and his demotion, including his limited managerial experience and a documented failure to adequately maintain the store he managed.

We have carefully reviewed the entire record of this case and have fully considered the parties' respective arguments. We AFFIRM the district court's granting of summary judgment for the reasons

articulated in its order and reasons filed March 10, 2004.

**AFFIRMED.**