FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL RONALD GARDNER,

    Defendant - Appellant.

No. 20-8060
(D.C. No. 1:20-CR-00036-NDF-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Defendant-Appellant Michael Gardner received a 51-month sentence, three years'

supervised release, and a $500 fine upon his conviction for possessing a firearm as a

felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The $500 fine was due

immediately and payable by installments through the inmate financial responsibility

program or while on supervised release.  1 R. 54–55; 3 R. 70–71.  The district court

determined that Mr. Gardner lacked the ability to pay interest or penalties on the fine.

1 R. 54.  On appeal, Mr. Gardner contends that the district court committed plain error

when it concluded that he had the ability to pay the fine immediately given his financial

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

situation. Aplt. Br. at 1, 3–4. Our jurisdiction arises under 28 U.S.C. § 1291 and

18 U.S.C. § 3742(a), and we affirm.

Our review is for plain error because this issue was not raised below. United

States v. Rosales-Miranda, 755 F.3d 1253, 1257 (10th Cir. 2014). The advisory

guidelines generally provide that a court should impose a fine where a defendant can pay.

U.S.S.G. § 5E1.2(a), (c)(1)–(4). If a defendant shows an inability to pay all or part of the

fine, "the court may impose a lesser fine or waive the fine." Id. § 5E1.2(e). "In

determining whether to impose a fine, and the amount, time for payment, and method of

payment," courts must consider certain factors, including the ability to pay, which can

include "payment on a date certain or in installments." 18 U.S.C. § 3572(a), (d)(1);

U.S.S.G. § 5E1.2(d).

Here, the district court concluded that Mr. Gardner "[could] not afford to pay a

[guidelines-range] fine," but could pay a reduced fine. 3 R. 70. This was in line with the

Presentence Report, the factual findings not having been challenged. See 2 R. 105;

3 R. 56. A defendant's monetary obligation can be both due immediately and satisfiable

on a repayment plan. See United States v. Williams, 898 F.3d 1052, 1055 (10th Cir.

2018); see also 18 U.S.C. § 3572(d). Because the district court clearly accounted for Mr.

Gardner's financial situation and incorporated a payment plan for him, the district court's

imposition of a $500 fine is not error. Therefore, the imposition of the fine cannot

constitute plain error.  See United States v. Cristerna-Gonzalez, 962 F.3d 1253, 1260 (10th Cir. 2020).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge